IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL RITTER, KELLY RITTER AND DAVID RITTER | : : : | No. 4:13-CV-2123 |
| | : | (Judge Brann) |
| Plaintiffs, | : : | |
| | : | (Magistrate Judge Carlson) |
| v. | : : | |
| CHRYSLER GROUP LLC, | : : : | |
| Defendant. | : | |

**O R D E R**

February 11, 2014

**BACKGROUND:**

On July 12, 2013, Plaintiffs, husband and wife David and Kelly Ritter, along with their daughter, Rachel Ritter, filed a complaint in the Court of Common Pleas of Lycoming County, Pennsylvania. The complaint alleges breach of warranty and loss of consortium. Defendant, Chrysler Group LLC, removed the case to this court, and, shortly thereafter, filed a motion to dismiss. ECF No. 3. Plaintiffs responded with a motion to transfer or in the alternative, to abstain and remand the case back to state court. ECF No. 7.

The matter was referred to Chief Magistrate Judge Martin C. Carlson, who heard oral argument and issued a Report and Recommendation on October 28, 2013. ECF No. 17. Defendant filed objections to the Report and Recommendation

on November 17, 2013, ECF No. 18; Plaintiffs did not object to the Report and Recommendation. The Report and Recommendation will be adopted in its entirety, with the limited exceptions discussed below.

**ANALYSIS:**

Chief Magistrate Judge Carlson's recommendation to deny Plaintiffs' Motion to Remand or Abstain is adopted. Mandatory abstention under 28 U.S.C. § 1334(c) is not appropriate because this claim, which requires interpretation of the "Old Chrysler[1]" bankruptcy sale order, is a "core proceeding" in bankruptcy. *See In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 175-76 (3d Cir. 2004). As a core proceeding, this Court shall exercise its discretion and decline to remand or abstain to ensure uniform interpretation and consistent results of claims requiring the interpretation of the Old Chrysler bankruptcy sale order.

Chief Magistrate Judge Carlson's recommendation to transfer venue to the U.S. District Court for the Southern District of New York is adopted so that the

---

[1] For clarity, the following entities are combined under the "Old Chrysler" title: DaimlerChrysler Corporation, DaimlerChrysler Company LLC, Chrysler LLC, Old Carco LLC, and Old Carco Liquidation Trust. Defendant, Chrysler Group LLC (f/k/a New Carco Acquisition LLC), has been referred to by other district courts as "New Chrysler."

recipient court may rule based on its interpretation of the Old Chrysler bankruptcy sale order.

Chief Magistrate Judge Carlson's recommendation to deny Defendant's Motion to Dismiss without prejudice is adopted, subject to Defendant's modification request set forth in its objection to the Report and Recommendation. By denying this motion without prejudice, Defendant may renew its motion after transfer, and the recipient court may rule as it deems appropriate.

In its limited objection to the Report and Recommendation, Defendant requested adoption of language that would allow it to renew this motion within 14 days of the assignment of a case number by the recipient court. This reasonable request shall also be adopted.

Finally, Defendant objected to certain errors in party identity within Chief Magistrate Judge Carlson's Report and Recommendation. This Court acknowledges the distinction between Old and New Chrysler as laid out in note 1, *supra*. The recipient court will rule on the transfer of certain liabilities from Old Chrysler to Defendant based on its interpretation of the Old Chrysler bankruptcy sale order.

## NOW, THEREFORE, IT IS ORDERED THAT:

1. United States Chief Magistrate Judge Martin C. Carlson's October 28th, 2013 Report and Recommendation is ADOPTED, subject to the modifications discussed above. ECF No. 17.

2. Defendant's motion to dismiss is DENIED without prejudice to renew its motion within 14 days of notice by the clerk of the recipient court that the matter has been docketed and assigned an adversary proceeding case number. ECF No. 3.

3. Plaintiff's motion to remand, or in the alternative to stay proceedings is DENIED. ECF No. 7.

4. The clerk is directed to transfer 4:13-CV-2123 to the Southern District of New York.

5. The clerk is directed to close the file.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge